IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICKY W. MARKHAM, )
)
          Plaintiff, )
)
v. ) Case No. 08-4032-SAC
)
BTM CORPORATION, )
)
          Defendant. )

## **ORDER**

This product liability case was originally set for a final pretrial conference before the undersigned U.S. Magistrate Judge, James P. O'Hara, on October 16, 2009. Not long after the start of that conference, however, it became apparent to the court that the parties had failed to get this case to a trial-ready position. Neither party had completed discovery—despite the discovery period having been extended, at the parties' requests, to sixteen months from the usual four months (*see* docs. 7, 15, 20, 26, & 30). Nor was either party able to articulate a specific time-table in which the needed discovery could be completed. Additionally, plaintiff requested leave to add a new theory of recovery (failure-to-warn) and to disclose new expert witnesses on medical issues. The court therefore was left with little choice but to abort the final pretrial conference and instead conduct a status conference (*see* doc. 43). The court strongly encouraged the parties to submit a jointly proposed revised scheduling order that would get the case postured for an efficient pretrial conference, but also set deadlines for formal motions in the event that the parties could not reach an agreement (*see id.*).

Unfortunately, the parties did not come to an agreement, and plaintiff has filed two formal motions related to his requests for leave to add a claim and to disclose new expert witnesses. Specifically, the motions currently pending before the court are plaintiff's motion for leave to file an amended complaint **(doc. 46)** and plaintiff's motion for leave to designate additional expert witnesses **(doc. 47)**. As discussed in detail below, the court grants both motions, given the atypical circumstances in this case.

Initially, plaintiff seeks leave to file an amended complaint that adds a cause of action for failure-to-warn. Plaintiff's original complaint pled claims for strict liability (Count I) and negligent design (Count II) arising out of an injury that plaintiff suffered when using an industrial machine manufactured and sold by defendant. In the instant motion, plaintiff states that he later learned from one of his retained experts that the facts in the case also support a claim that defendant failed to provide adequate warnings regarding a hazard associated with the machine.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15 dictates that the court "should freely give leave when justice so requires." When the deadline set in the scheduling order for amending pleadings has passed, however, Fed. R. Civ. P. 16(b)(4) may also be implicated.[1] Rule 16(b)(4) provides that a scheduling order may

---

[1] The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling orders." *U.S. ex re. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)

2

be modified "only for good cause." Thus, courts in the District of Kansas determine whether the Rule 16(b)(4) "good cause" standard has been established before proceeding to determine if the more liberal Rule 15(a) standard has been satisfied.[2] Because the scheduling order (doc. 7) set a deadline of June 16, 2008 for amending the pleadings but plaintiff did not file the instant motion to amend until October 30, 2009, the court will follow this two-step approach.

To establish good cause under Rule 16, plaintiff must show that he could not have met the scheduling order deadline for amending his complaint even if he had acted with due diligence.[3] The court finds that plaintiff has met this burden—just barely. The report of engineer Mark Passamaneck, the expert who first identified the failure-to-warn claim, is dated September 30, 2008. Thus, plaintiff has established good cause why he did not seek leave to add this claim until after the June 16, 2008 deadline.

As mentioned above, Rule 15(a) anticipates the liberal amendment of pleadings. Nonetheless, a court may deny leave to amend "upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue

---

(citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006)).

[2]*See, e.g.*, *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906, at *2 (D. Kan. Sept. 12, 2008); *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 2944909, at *2 (D. Kan. July 28, 2008).

[3]*Miller*, 2008 WL 4271906, at *2; *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).

3

prejudice to the opposing party, or futility of amendment."[4] The case at bar clearly does not involve bad faith, dilatory motive, or a failure to cure deficiencies by amendments previously allowed, or futility of amendment. Instead, defendant argues that plaintiff's motion is untimely and that it would be prejudiced if plaintiff is allowed to add the proposed claim. Specifically, defendant notes that it did not hire an expert to rebut Passamaneck's opinions on failure-to-warn, nor did it question witnesses about facts related to this theory during depositions.

The court agrees with defendant that plaintiff should have sought amendment in a more timely fashion, i.e., soon after Passamaneck's report was issued. But plaintiff's failure to do so is basically consistent with the very casual manner in which *both* parties have managed this case. As mentioned earlier, the parties obtained multiple extensions of discovery deadlines, yet still were unprepared to go forward with a final pretrial conference on the scheduled date. At the hearing on October 16, 2009, for example, defense counsel expressed an intention "to do business-records subpoenas to gather additional documents" and stated that "both parties plan to conduct additional discovery." Defense counsel further noted that her medical expert still needed to review and consider medical records arising from plaintiff's visits to treating physicians since the expert last examined plaintiff. Counsel on both sides of the aisle waffled when asked to name a specific date on which this case

---

[4]*Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

could be ready for trial. In short, neither side has paid much heed to the rules of procedure or the deadlines set by the court. As the undersigned noted at the hearing, he cannot recall the last time that he has seen a case "that was this much in a state of disarray."

Given the present state of this case, the court finds that justice is best served by giving plaintiff latitude to amend his complaint and, as discussed further below, giving *both* parties additional time to fully develop this case such that it can proceed to trial on a clean record. Any possible prejudice to defendant in permitting the proposed amendment can be averted. Specifically, in accordance with the schedule set forth below, the court permits defendant the opportunity to retain an expert witness on failure-to-warn. The court further permits defendant the opportunity to re-depose plaintiff and fact witness with respect to this new claim. As plaintiff candidly has acknowledged is appropriate under the circumstances, the cost of any such follow-up depositions should be at plaintiff's expense, to be paid within 14 days of billing by defense counsel at counsel's actual charged rate in this case (presumably an insurance company defense rate).

Because fault in this case falls on both sides and because possible prejudice to defendant can be averted, the court grants plaintiff leave to amend his complaint under Rule 15(a).[5]

---

[5]Defendant's request in its responsive brief that "Plaintiff be compelled to pay attorney fees for Defendant's expense in defending and responding to this Motion" is obviously denied. Defendant has set forth no persuasive legal or factual basis for the requested award of fees, and the court finds such a request incredulous—given the state of the record, the court could sanction both parties for being so woefully unprepared for the

5

Plaintiff next seeks leave to designate as expert witnesses two of plaintiff's treating physicians. Plaintiff states that after the deadline for the designation of plaintiff's experts, defendant's medical expert unexpectedly raised issues related to the causation of plaintiff's back injuries/symptoms and to the proper medical management of plaintiff's ongoing symptoms. Plaintiff contends that defendant should not be surprised by the existence of the two treating physicians he seeks to designate, "as there has been extensive disclosure of [plaintiff's] medical records."

Defendant objects to the designation of plaintiff's treating physicians as experts on the basis that doing so would prejudice defendant because discovery would have to be "re-opened." In particular, defendant notes that its medical expert would "need the opportunity to" re-examine plaintiff and to modify his report and deposition testimony to address the opinions presented by plaintiff's expert witnesses. Defendant further states that "it would be imperative that the Defendant be allowed the opportunity [to] locate and retain an expert on the management and treatment of the Plaintiff's pain."

As both parties conceded at the court hearing on October 16, 2009, discovery in this case is ongoing, despite the discovery deadline having passed. Thus, it is more than a bit of a stretch for defendant to say that discovery must be "re-opened" to accommodate plaintiff's request. In any event, any potential prejudice to defendant in permitting the late designation of experts can be avoided by similarly permitting defendant the opportunity to retain and

---

final pretrial conference.

designate a new medical expert and/or allowing defendant's current medical expert to amend his report and deposition testimony. The court therefore grants plaintiff's request to designate his treating physicians as experts.

As implied above and as discussed in detail at the October 16, 2009 hearing, the court recognizes a need to set new, *firm*, deadlines in this case to put it back on a track toward trial. Accordingly, the following deadlines apply:

1. Plaintiff shall file an amended complaint including the failure-to-warn claim, as contemplated by this order, by **December 7, 2009**. Defendant shall file an answer or otherwise respond to the amended complaint (including filing any motion to dismiss the added claim) by **December 14, 2009**.

2. Plaintiff shall disclose, in *full* compliance with Fed. R. Civ. P. 26(a)(2), any additional expert witnesses he intends to call on the issues of failure-to-warn, and also with regard to plaintiff's medical problems, by **January 8, 2010**. Such experts shall be made available for deposition testimony by **January 29, 2010**. To the extent defendant's expert medical witness seeks to conduct a new independent medical examination ("IME") of plaintiff pursuant to Fed. R. Civ. P. 35, plaintiff shall fully cooperate to ensure that the IME is performed by **February 9, 2010**. Defendant shall disclose, in *full* compliance with Rule 26(a)(2), any expert witnesses on the issues of failure-to-warn or plaintiff's medical problems by **February 16, 2010**. Such experts shall be made available for deposition testimony by **March 9, 2010**.

The parties shall serve any objections to expert disclosures (other than objections pursuant to Fed. R. Evid. 702–705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.

3. By **February 9, 2010**, defendant shall conduct any follow-up depositions of plaintiff and all fact witnesses, strictly limited, however, to the newly added failure-to-warn claim. As set forth above, plaintiff shall pay defendant's costs attributable to those depositions within 14 days of billing by defense counsel.

4. The final pretrial conference will be conducted on **April 1, 2010 at 11:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, Kansas City, Kansas. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **March 19, 2010**, the parties shall jointly submit their proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to ksd_ohara_chambers@ksd.uscourts.gov. The proposed pretrial order shall not be filed with

the Clerk's Office. It shall be in the form available on the court's Internet website (www.ksd.uscourts.gov), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

5. This case will be set for trial at a later date, probably after all timely filed dispositive motions have been briefed and decided.

IT IS SO ORDERED.

Dated this 2nd day of December, 2009, at Kansas City, Kansas.

 s/James P. O'Hara  
James P. O'Hara  
U. S. Magistrate Judge